UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT ALLEN CARRUTH,

        Petitioner,

                                   CASE NO. 2:08-CV-12424
v.                                 HONORABLE DENISE PAGE HOOD

DEBRA L. SCUTT,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**     **Introduction**

       Robert Allen Carruth ("Petitioner"), a state prisoner currently confined at the G. Robert

Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional

rights.  Petitioner challenges a 1999 first-degree criminal sexual conduct conviction which was

imposed in the Oakland County Circuit Court.  In his petition, he raises claims regarding the trial

court's denial of his request for appointment of substitute appellate counsel, the voluntariness of

his plea, the scoring of an offense variable, the effectiveness of defense counsel, the trial court's

jurisdiction, judicial bias, the absence of counsel, the effectiveness of appellate counsel, and the

lack of procedural default.

Respondent has filed a motion to dismiss the petition for failure to comply with the applicable statute of limitations. For the reasons set forth, the Court agrees with Respondent that the petition is untimely and dismisses it for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner's conviction arises from the sexual assault of his eight-year-old step-daughter. He pleaded guilty to one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a) (victim under 13 years old), in the Oakland County Circuit Court on August 4, 1999. The trial court sentenced him to seven to 20 years imprisonment on September 1, 1999.

On September 1, 2000, Petitioner filed a motion to correct his sentence/withdraw his plea with the state trial court, which was denied on October 17, 2000. Petitioner did not timely appeal this decision to the Michigan appellate courts. He states that his November 1, 2000 motion for extension of time was rejected by the Michigan Court of Appeals due to incorrect filing.

In March and April of 2001, Petitioner filed additional requests/motions for appointment of substitute appellate counsel and for discovery with the trial court. The trial court issued orders denying Petitioner's request for substitute appellate counsel on April 24, 2001 and denying his request for discovery on June 20, 2001. Petitioner filed an application for leave to appeal the denial of his substitute counsel request with the Michigan Court of Appeals, which was denied. *People v. Carruth*, No. 239943 (Mich. Ct. App. June 6, 2002) (unpublished).

2

Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Carruth*, 467 Mich. 951, 656 N.W.2d 527 (Jan. 31, 2003).

On June 20, 2003, Petitioner filed a state habeas petition in the Jackson County Circuit Court, which was dismissed on July 28, 2003. The trial court denied reconsideration on September 16, 2003. On November 3, 2003, Petitioner filed an original habeas complaint with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction. *See Carruth v. Department of Corrections*, No. 251945 (Mich. Ct. App. Dec. 19, 2003) (unpublished).

On August 25, 2004, Petitioner filed a motion for relief from judgment with the Oakland County Circuit Court, which was denied on June 8, 2005. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Carruth*, No. 265308 (Mich. Ct. App. April 11, 2006) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Carruth*, 477 Mich. 909, 722 N.W.2d 844 (Oct. 31, 2006).

Petitioner submitted his federal habeas petition to state prison officials on June 3, 2008. Respondent filed the instant motion to dismiss the petition as untimely on November 13, 2008. Petitioner filed an initial reply to the motion on November 26, 2008, as well as an amended reply on January 9, 2009.

**III.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA

3

establishes a one-year period of limitations for habeas petitions brought by prisoners challenging

state court judgments.

The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date.

The trial court sentenced him on September 1, 1999. He then had, at most, one year to seek

leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). He did not

do so. Accordingly, his conviction became final, at the latest, on September 1, 2000. Petitioner

was therefore required to file his federal habeas petition on or before September 1, 2001,

4

excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion to correct sentence/withdraw his plea on September 1, 2000, the day his conviction became final. At that point, no time of the one-year period had run. The one-year period was then tolled while Petitioner's motion was pending in the state courts. The trial court denied the motion on October 17, 2000. Petitioner did not appeal this decision. Arguably, the limitations period began running the next day, *see* 28 U.S.C. § 2254(d)(2) (which tolls the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...."), and expired one-year later, on October 17, 2001.

Alternatively, the start of the limitations period may be tolled for the one-year period in which Petitioner could have filed a delayed application for leave to appeal with the Michigan Court of Appeals pursuant to Michigan Court Rule 7.502(F)(3). *See Palmer v. Lavigne*, 43 Fed. Appx. 827, 829 (6th Cir. 2002) (noting support for the district court's conclusion that the limitations period should be tolled for the one-year period in which the petitioner could have filed a delayed application for leave to appeal the denial of his post-judgment motion, but expressing no opinion as to the correctness of such a statutory interpretation); *cf. Whitcomb v. Smith*, 23 Fed. Appx. 271, 273 (6th Cir. 2001) (the limitations period was tolled for the 21-day period in which the petitioner could have appealed the denial of his post-conviction motion, but not the one-year period in which he could have filed a delayed application for leave to appeal). Under this alternative scenario, the limitations period began running on October 17, 2001 and expired one year later on October 17, 2002.

2:08-cv-12424-DPH-RSW   Doc # 17   Filed 05/27/09   Pg 6 of 11   Pg ID 860

Although Petitioner filed motions for appointment of substitute counsel and for discovery with the state trial court in 2001, those motions and related appeals do not qualify as applications for post-conviction or collateral review so as to further toll the limitations period under 28 U.S.C. § 2244(d)(2). "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for . . . collateral review of the judgment or claim." *Witkowski v.. Vasbinder*, No. 04-CV-74232-DT, 2006 U.S. Dist. Lexis 13363, 2006 WL 618891, *4 (E.D. Mich. March 9, 2006) (unpublished) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence." *Id.* (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)); *see also Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003). In other words, the application must seek "review" of the underlying judgment of conviction to toll the one-year limitations period. *Id.*; *see also Branham v. Ignacio*, 83 Fed. Appx. 208, 209 (9th Cir. 2003); *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

Federal courts have refused to extend the tolling provisions of 28 U.S.C. § 2244(d) to motions for appointment of counsel, *see, e.g., Voravongsa*, 349 F.3d at 6-7; *Dunn v. Jackson*, No. 3:03CV133, 2005 U.S. Dist. Lexis 9015, 2005 WL 1067688, *4 (S.D. Ohio May 4, 2005), as well as to motions for discovery and transcripts, *see, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003); *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002), *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001). Because Petitioner's motions for appointment of substitute counsel and for discovery did not seek collateral review of his underlying judgment of

6

conviction and sentence, those motions did not toll the one-year period while they were pending in the state courts.

Accordingly, the one-year limitations period expired, at the latest, on October 17, 2002 – well before Petitioner sought further collateral review in the state courts and before he filed his federal habeas petition. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Furthermore, even assuming that Petitioner's state court filings tolled the one-year period from the time of his sentencing in 1999 until the Michigan Supreme Court denied leave to appeal the denial of his 2004 motion for relief from judgment on October 31, 2006, his habeas petition is still untimely. The record indicates that Petitioner gave his habeas petition to prison officials for mailing on June 3, 2008. The one-year period thus expired seven months before Petitioner filed his federal petition. Petitioner asserts in his petition that he did not receive notice of the Michigan Supreme Court's October 31, 2006 decision until January 26, 2007. Even if such is the case, however, he still did not file his petition within the applicable one-year period.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts. Rather, he asserts that the statute of limitations has not yet expired (or even begun to run) because his motion for appointment of substitute counsel filed in March or April of 2001 (as opposed to his letter request for the same) remains pending before the state trial court.

7

Petitioner's claim is belied by the record which shows that the trial court denied his request for appointment of substitute counsel on April 24, 2001, that Petitioner appealed that decision to the Michigan appellate courts, and that those courts denied him relief.  Furthermore, even if such a motion is technically pending, it would not toll the one-year period.  *See* discussion *supra*.  His habeas petition is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling.  In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances which caused him to file his federal habeas action after the expiration of the one-year limitations period.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer for a period of time, or may have been

8

unaware of the statute of limitations does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426, 431-32 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-38, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (reiterating that a federal habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

"A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt

9

– or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538.   Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.   The Sixth Circuit has recognized that the actual innocence exception should "remain rare" and only be applied in the "extraordinary case." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).   Petitioner has made no such showing.   His petition is time-barred.

## IV.   Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.   Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.   *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).   When a plain procedural bar is present and the district court

is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable.  No certificate of appealability is warranted in this case and any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 27, 2009

I hereby certify that a copy of the foregoing document was served upon Robert A. Carruth, Reg. No. 294389, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201 and counsel of record on May 27, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager